**Joseph P. CUSH, Plaintiff,**

v.

**PITTSBURGH, CHARTIERS & YOUGH-IOGHENY RAILWAY COMPANY, a corporation, Defendant and Third Party Plaintiff,**

**SHENANGO PENN MOLD COMPANY, a Corp., et al., Third Party Defendants.**

Civ. A. 14305.

United States District Court
W. D. Pennsylvania.

Dec. 27, 1957.

Chemical Company, the other third party defendant, whereby the Pittsburgh Chemical and Coke Company has undertaken to maintain and inspect said ladle car No. 7 in order that it may be safely used and in order that it may at all times conform with the standards set by the Safety Appliance Act and related statutes of the United States in order to protect the employes of railroad companies using said car."

Shenango has filed its answer to the complaint. However, Pittsburgh Coke has moved to dismiss the third party complaint because they allege that it fails to state a claim upon which relief can be granted. Where such a motion is filed, the facts alleged in the third party complaint must be taken as true. Gartner v. Lombard Bros., 3 Cir., 1952, 197 F. 2d 53. The question as we see it is whether or not P. C. & Y. Railway has made out in its pleadings a case on which if the facts are developed P. C. & Y. Railway can recover all or part from Pittsburgh Coke what it may be called upon to pay Cush.

Numerous briefs and reply briefs have been filed by the parties setting forth their position. P. C. & Y. Railway maintains that it is entitled to recover from Pittsburgh Coke under the theory that Pittsburgh Coke is liable to them for supplying a defective or dangerous chattel. In its brief P. C. & Y. Railway takes the position that the Restatement of Restitution, § 93, meets the basic contention of the third party defendant head on. With this we are inclined to agree; however, a thorough reading of Section 93 and the comments thereto indicate that the third party plaintiff, P. C. & Y. Railway, cannot recover from Pittsburgh Coke. The illustration cited in the Restatement is as close as any case could possibly come to the case before the Court. The comment and the illustration are as follows:

> "c. The rule stated in this Section is limited to situations where one of two tortfeasors, as between themselves, is justified in relying

Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

Brandt, Riester, Brandt & Malone, Gustav M. Berg, Pittsburgh, Pa., for third party defendants.

McILVAINE, District Judge.

The plaintiff in this case instituted action against the Pittsburgh, Chartiers & Youghiogheny Railway Company, hereinafter referred to as the P. C. & Y. Railway, alleging a violation of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., and the Boiler Inspection Act, 45 U.S.C.A. § 22 et seq., claiming that the cutting lever on a car did not work properly and as a result thereof he suffered injuries. Thereafter, the P. C. & Y. Railway filed a third party complaint against both Shenango Penn Mold Company, hereinafter referred to as Shenango, and against the Pittsburgh Coke and Chemical Company, hereinafter referred to as Pittsburgh Coke.

The basis of P. C. & Y. Railway's third party complaint is stated in the fourth paragraph of the third party complaint as follows:

> "4. The third party plaintiff is informed and believes and therefore alleges that Shenango Penn Mold Company, one of the third party defendants, has entered into an agreement with the Pittsburgh Coke and

upon the other's assurance of safety. Thus where a carrier has failed to make a proper inspection of a car and delivers it to a connecting carrier which incurs liability to an employee or other person because of its negligence in failing to make an inspection upon receiving the car, the connecting carrier is not entitled to be indemnified by the first carrier since, as between the two, it was not entitled to assume that the car was in a safe condition.

"7. The A railroad receives a car from a connecting railroad with a dangerously defective coupler. A carelessly fails to inspect the coupler and delivers the car in the same condition to B, another railroad, which also negligently fails to inspect the coupler. As the result of its defective condition, C, employed by B, is hurt and obtains judgment against B which B satisfies. Even though A were liable to C for the harm to him, B would not be entitled to indemnity from A because even as between the two, B would not be entitled to assume the couplers to be in a safe condition."

■■ It, therefore, appears to this Court that the P. C. & Y. Railway has not stated a claim based on Section 93 of the Restatement of Restitution on which relief can be granted because it was clear that a common carrier may not rely upon another's assurance of safety, if any were given in this case, as the Safety Appliance Act imposes the duty on the railroad. Thus, there is not a restitutional remedy that would permit P. C. & Y. Railway to bring the third party defendant into the case. However, the Restatement points out that in addition to the restitutional remedy there may be an action of tort based upon a breach of the duty by the supplier. See Restatement, Restitution, § 93(e). These rules of liability of a supplier are grouped and summarized in the Restatement of Torts, beginning with § 388 to § 393. P. C. & Y. Railway relies on these and also the case of Sieracki v. Seas Shipping Co., 3 Cir.,

1945, 149 F.2d 98. However, their complaint only charges that Pittsburgh Coke supplied a car for use in interstate commerce which car failed to meet the requirements of the Safety Appliance Act. This allegation does not bring the case within any of the Sections of the Restatement relied upon by P. C. & Y. Railway, nor within the Sieracki case wherein liability was imposed on the defendants as a manufacturer. See page 100, Section 388 of the Restatement only imposes liability when the supplier knows that the chattel is dangerous for its intended use and has no reason to believe that those who use it will realize its dangerous condition, and fails to exercise reasonable care to inform those persons of its dangerous condition. No such allegation is contained in the third party complaint. Section 389 of the Restatement imposes liability where the supplier knows that the chattel is unlikely to be made reasonably safe before being put to use to which supplier should expect it to be put. Thus, to impose liability there must be a substantial probability that the chattel will be used without being put in proper condition. Certainly the supplier would not suspect that a railroad company who has such a high duty under the Federal Employers' Liability Act would permit any such thing to be done. See Comment (c), Restatement, Tort, § 389. Certainly there is no allegation that the chattel would be used by a person known to be incompetent so as to impose liability under § 390, nor is there any allegation that the car was known to be dangerous for the use for which it was supplied so as to impose liability under § 391 of the Restatement. Nor is there an allegation that the supplier has failed to exercise reasonable care to make the chattel safe for the use it was supplied or that the supplier failed to give information required by § 388 of the Restatement of Torts so as to impose the liability set forth in § 392 of the Restatement of Torts. Accordingly, there can be no liability under § 393 of the Restatement of Torts.

In the Sieracki case on which P. C. & Y. Railway relies the liability was im-

posed on the defendants as a manufacturer. Sieracki v. Seas Shipping Co., supra, 149 F.2d at page 100. Here there is no allegation that the Pittsburgh Coke and Chemical Company should be held liable as a manufacturer of this car.

The railway argues that indemnity is available to them if the third party plaintiff, Pittsburgh Coke, could be liable directly to the original plaintiff, Cush. In their complaint, they have not alleged any facts that would indicate wherein there might be liability between Cush and Pittsburgh Coke. There is no allegation that Pittsburgh Coke is a common carrier engaged in interstate commerce so as to come within the responsibility of the Safety Appliance Act or the Federal Employers' Liability Act, and as we have previously pointed out there were no allegations to bring Pittsburgh Coke within what might be called the common law rules of liability.

■ The Restatement of Restitution, § 93, Comment (e) points out that there might be a contract between the supplier and the person supplied in which case the latter would have an action for breach of contract if the thing supplied were not in accordance with the terms of the contract. Even though the supplier was not negligent and would not be subject to liability to anyone. There was in this case an allegation that a contract existed between Pittsburgh Coke and Shenango wherein Pittsburgh Coke agreed with Shenango that it would undertake to maintain and inspect the railroad car. The railroad now claims that it is a beneficiary under the contract and, therefore, is entitled to indemnity as a third party beneficiary.

"Third persons beneficiaries under a contract although not parties to it, may be divided into three classes: (1) Such person is a donee beneficiary if the purpose of the promisee in obtaining the promise of all or part of the performance thereof, is to make a gift to the beneficiary, or to confer upon him a right against the promisor to some performance neither due [not supposed] or asserted to be due from the promisee to the beneficiary; (2) such person is a creditor beneficiary if no intention to make a gift appears from the terms of the promise, and performance of the promise will satisfy an actual [or supposed] or asserted duty of the promisee to the beneficiary; (3) such person is an incidental beneficiary if the benefits to him are merely incidental to the performance of the promise and if he is neither a donee beneficiary nor a creditor beneficiary." Vol. II, Williston on Contracts, § 356. See also Restatement, Contracts, § 133.

There is no allegation by P. C. & Y. Railway that would make them a donee beneficiary or a creditor beneficiary in respect to the contract between Pittsburgh Coke and Shenango. For the purpose of disposing of this motion and the rights of P. C. & Y. against Pittsburgh Coke, assuming that Cush could recover from P. C. & Y. Railway because of a violation of the Safety Appliance Act and that P. C. & Y. Railway received the equipment from Shenango with a defect in the equipment which contributed to the accident and further assuming that P. C. & Y. can sue Shenango, and assuming that P. C. & Y. Railway could recover against Shenango because of this defect in the equipment which contributed to the accident, and assuming further the existence of a contract between Shenango and P. C. & Y. Railway wherein P. C. & Y. Railway agreed with Shenango to maintain the equipment which contributed to the accident, and further assuming that Pittsburgh Coke breached this agreement and failed to maintain the equipment, does such a breach make Pittsburgh Coke liable to P. C. & Y. Railway?

■ From what we have previously stated, it appears that Pittsburgh Coke is neither a creditor nor a donee beneficiary of the contract between Shenango and Pittsburgh Coke. Therefore, its rights are only those of an incidental beneficiary and under the Restatement of Contracts, § 147, "An incidental bene-

ficiary acquires by virtue of the promise no right against the promisor or the promisee." Therefore, P. C. & Y. Railway, being only an incidental beneficiary of the contract between Shenango and Pittsburgh Coke, it has no rights under the contract which it can enforce. See also Vol. II, Williston on Contracts, § 402 and § 403. Therefore, Pittsburgh Coke's motion to dismiss the third party complaint filed against it should be granted for P. C. & Y. Railway has failed to state a claim against Pittsburgh Coke upon which relief can be granted.