256 F.2d 123
 Cheryl DANNER, Grace Lynn Danner, Arthur Danner III, Minors,
by Their Guardian Arthur Danner, Jr., Grace Danner and
Arthur Danner, Jr.; Norma Weintraub and Constance Weintraub,
Minors, by Their Guardian Israel Weintraub; and Barbara
Weintraub and Israel Weintraub
v.
William ANSKIS.
Appeal of Norma WEINTRAUB and Constance Weintraub, Minors,
by Their Guardian Israel Weintraub; and Barbara
Weintraub and Israel Weintraub.
 No. 12531.
 United States Court of Appeals Third Circuit.
 Argued May 13, 1958.
Decided June 3, 1958.
 
 Techner, Rubin & Shapiro, Howard I. Rubin, Philadelphia, Pa., on the brief for appellants.
 Harry F. Brennan, Philadelphia, Pa., for appellee.
 Before MARIS, KALODNER and STALEY, Circuit Judges.
 MARIS, Circuit Judge.
 
 
 1
 This is a suit in the district court which was originally brought on October 1, 1954, by the Danner plaintiffs and the Weintraub plaintiffs, all citizens of Pennsylvania, against William Anskis, a citizen of New Jersey, for damages for personal injuries which the three Danner children and their mother, Mrs. Danner, and the two Weintraub children and their mother, Mrs. Weintraub, suffered when the automobile in which they were riding, driven by Mrs. Danner, came into collision in Bucks County, Pennsylvania, with an automobile being driven by Anskis in an allegedly negligent manner. Jurisdiction is based on diversity of citizenship. On April 1, 1957 the defendant was defaulted for failure to appear, plead or otherwise defend. On April 22, 1957 the Weintraub plaintiffs filed a cross-claim against Mrs. Danner and her husband for damages for their same injuries suffered in the same accident, which were in the cross-claim alleged to have resulted from the negligent operation by Mrs. Danner of the automobile in which they all were riding. Upon motion of Mr. and Mrs. Danner the district court dismissed the cross-claim of the Weintraubs upon the ground that it was not a proper cross-claim under Rule 13(g) of the Federal Rules of Civil Procedure, 28 U.S.C. and was not otherwise within the jurisdiction of the court. This appeal followed.
 
 
 2
 The action of the district court was right and must be affirmed. Rule 13(g) provides as follows:
 
 
 3
 '(g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.'
 
 
 4
 The purpose of Rule 13(g) is to permit a defendant to state as a cross-claim a claim against a co-defendant growing out of the transaction or occurrence that is the subject matter of the original action or relating to any property that is the subject matter of that action, and to permit a plaintiff against whom a defendant has filed a counterclaim to state as a cross-claim against a co-plaintiff a claim growing out of the transaction or occurrence that is the subject matter of the counterclaim or relating to any property that is the subject matter of that counterclaim. This, we think, is the clear intent of the language of the rule. In other words, a cross-claim is intended to state a claim which is ancillary to a claim stated in a complaint or counterclaim which has previously been filed against the party stating the cross-claim. Farr v. Detroit Trust Co., 6 Cir., 1941, 116 F.2d 807. Unless so limited the rule could have the effect of extending the jurisdiction of the district court to controversies not within the federal judicial power in violation of the Constitution, a result specifically prohibited by Rule 82. Accordingly, Rule 13(g) does not authorize a plaintiff to state as a cross-claim against a co-plaintiff a claim arising out of the transaction or occurrence which also is the subject matter of their common complaint against the defendant. For the two claims are wholly independent of each other and neither is ancillary to the other.
 
 
 5
 Moreover, the so-called 'cross-claim' could only be entertained by the district court as an independent suit if there was diversity of citizenship between the adverse parties to it. But here the plaintiffs, the parties to the cross-claim, are all citizens of Pennsylvania. For the reasons given we need not determine the effect of the statute of limitations, which the district court also relied upon. We observe, however, that the period of two years limited by the Pennsylvania statute, 12 P.S. 34 had passed before the 'cross-claim' was served and that under Rule 12 the defense of the statute of limitations could be asserted in the answer which the defendants in the 'cross-claim' would be permitted to file if the order of dismissal was reversed and the 'cross-claim' remanded.
 
 
 6
 The order of the district court will be affirmed.