Alvin **MAIN**, Administrator of the Estate of Thomas Festa, deceased, Plaintiff,

v.

Mollie **FESTA**, General Motors Corporation, a corporation, Carl Ramsey Chevrolet, Inc., a corporation, Superior Motors Company of Braddock, a corporation, Defendants.

Alvin **MAIN**, Administrator of the Estate of Michael Festa, Jr., deceased, Plaintiff,

v.

Mollie **FESTA**, General Motors Corporation, a corporation, Carl Ramsey Chevrolet, Inc., a corporation, Superior Motors Company of Braddock, a corporation, Defendants.

Civ. A. Nos. 63–435, 63–436.

United States District Court
W. D. Pennsylvania.

Oct. 16, 1965.

Seymour Sikov, Pittsburgh, Pa., for Mollie Festa on cross claim.

Herman Kimpel, Pittsburgh, Pa., for Superior Motors Co. of Braddock.

George I. Buckler, Pittsburgh, Pa., for Carl Ramsey Chevrolet, Inc., and General Motors Corp.

Fred W. Dunton, Pittsburgh, Pa., for Mollie Festa.

Stephen J. Harris, Pittsburgh, Pa., for Alvin Main.

WILLSON, District Judge.

On a highway in this district, defendant Mollie Festa was operating an automobile in which her two stepsons, Michael Festa, Jr., and Thomas Festa, were riding as passengers. According to the allegations in the complaints and in the pretrial narrative statements, her car crossed the centerline and was involved in a collision with several other cars. Her stepsons were killed. In these two civil actions, the administrator of the estate of the two stepsons sued Mollie Festa under the Wrongful Death and the Survival Acts for damages. The complaints were filed on May 13, 1963. On June 11, 1963, thereafter amended complaints were filed in which General Motors Corporation, Carl Ramsey Chevrolet, Inc., a Pennsylvania corporation; and Superior Motors Company of Braddock, also a Pennsylvania corporation; were added as co-defendants. As it appears from the pleadings and pretrial statements, the contention is made against the corporations that the gas pedal on the Festa car became inoperative or the carburetor was defective thus contributing to the lack of control of the car by defendant, Mollie Festa.

On May 7, 1964, the defendant, Mollie Festa, filed cross-claims against the three corporate defendants claiming that if she was found liable to plaintiffs, then the three corporate defendants were either jointly or severally liable over to her for any liability assessed against her, or at least that she is entitled to contribution for such damages as she may be compelled to pay to plaintiffs. In response to these first cross-claims filed by Mollie Festa, answers have been duly served, and no issue arises therefrom.

However, on June 3, 1964, defendant, Mollie Festa, filed a second set of cross-claims in each case against each of the corporate co-defendants, and in these cross-claims Mollie Festa asserts the right to claim damages as a result of her personal injuries received in the accident. The nub of her complaint against the corporate defendants is that the car was defective because the gas pedal was inoperative or became stuck, or in the alternative that the carburetor was defective. Each of the defendants separately and individually is charged with negligence in failing to provide a safe car and in failing to inspect, test, et cetera.

As to the set of cross-claims filed on June 3, 1964, defendant Superior Motors has filed a motion to dismiss asserting several grounds. The first two reasons advanced are that the Court lacks jurisdiction because the controversy is not wholly between citizens of different states, as Mollie Festa is a citizen of Pennsylvania as is Superior Motors Company of Braddock. The other main ground advanced is that the cross-claims of Mollie Festa fail to state a claim against defendant for which relief can be granted because the cross-claims are improperly brought under Rule 13(g) of the Federal Rules of Civil Procedure.

The parties have been heard at argument, the briefs have been filed and considered, and in the opinion of the Court

the motion filed by Superior Motors should be granted.

It is my view that Judge Maris in Danner v. Anskis, 256 F.2d 123 (3rd Cir. 1958), has pointed the way for a decision in this case. The rule, of course, states that:

"A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. * * * "

In the opinion Judge Maris wrote, he discussed co-plaintiffs because that was the issue before him. He holds that there must be diversity of citizenship before a cross-claim can be filed between co-plaintiffs. He discussed the fact that the rule has application as between co-defendants when one claims indemnity from the other or seeks contribution based on the claim of concurrent negligence, or otherwise an issue is raised as to lack of sole responsibility by one of several defendants. In such a situation no diversity is required as between co-defendants. In that event it is the same situation as under Rule 14 which does not require diversity between a defendant and a third party defendant in the third party action. I have found no authoritative decision which permits a cross-claim of the type here discussed based on an affirmative action by one co-defendant against another not by way of defense or indemnity, but asserting a new claim for damages on the part of the cross-claimant unless diversity exists. This is also the requirement under Rule 14 when a plaintiff files a complaint against a third party defendant. See Patton v. Baltimore & O. R. Co., 3 Cir., 197 F.2d 732.

In the amended complaints, plaintiffs charge the three corporate defendants with defects in the automobile. This is the same charge made by Mollie Festa in her cross-claims. Her real interest in this phase of the case is with the plaintiffs and not the defendants. The principle is clearly stated in Barron and Holtzoff in discussing Rule 13, page 546:

"A defendant whose real interest is with plaintiffs and whose citizenship is that of the other defendants will not be permitted by cross-claims against his codefendants to seek the same or similar relief claimed by the plaintiffs."

It is conceded in this case that defendant, Mollie Festa, and defendant, Superior Motors Company of Braddock, are both citizens of Pennsylvania. It follows that the motion must be granted.