Robert T. GEBHARDT, Administrator of the Estate of Davina L. Jarvis, Deceased, Plaintiff,

v.

Reba E. EDGAR, Defendant and Third-Party Plaintiff,

v.

Pete LEONI, Third-Party Defendant.

Civ. A. No. 64–715.

United States District Court W. D. Pennsylvania.

March 16, 1966.

Wray G. Zelt, Washington, Pa., for plaintiff.

Weis & Weis, Pittsburgh, Pa., for defendant.

John H. McDaniel, Pittsburgh, Pa., for third-party plaintiff.

Rodgers & Roney, Washington, Pa., for third-party defendant.

WEBER, District Judge.

In this diversity negligence action the defendant joined a third-party defendant claiming a right of contribution. There is no diversity of citizenship shown between the defendant and the third-party defendant. Now, the defendant, third-party plaintiff, seeks to amend her complaint to add a claim for her own personal injuries to the claim for contribu-

tion brought in the original third-party complaint.

The cause of action arises out of the following set of facts:

■ Plaintiff's decedent, a resident of Washington County, Pennsylvania, was riding in an automobile driven by her husband, of the same residence, when they were struck by an automobile driven by defendant, a resident of Washington County, Pennsylvania. The plaintiff's decedent died as a result of this collision and her husband was injured. The defendant claims that the accident was caused by the negligence of a third-party defendant, also a resident of Washington County, Pennsylvania. This action, as are a large number of the cases in this court, was instituted by a non-resident administrator of decedent's estate appointed by the Register of Wills of Washington County, Pennsylvania, to recover damages for the decedent's death under the Pennsylvania Wrongful Death Act and the Pennsylvania Survival Act. Diversity of citizenship is present because of the residence of the foreign administrator. Borror v. Sharon Steel Company, 327 F.2d 165 (3rd Cir. 1964).

■ The defendant has filed a third-party complaint against a third-party defendant, a resident of Washington County, Pennsylvania. No diversity of citizenship is required here, since a joinder of a third-party "who is or may be liable to [defendant] for all or part of the plaintiff's claim against him" under F.R.Civ.P. Rule 14(a), does not require diversity of citizenship between the defendant, third-party plaintiff, and the third-party defendant because such proceedings are regarded as "ancillary". Sheppard v. Atlantic States Gas Co., 167 F.2d 841 (3rd Cir. 1948).

Meanwhile, back at the Washington County Courthouse the decedent's husband has brought suit for his own personal injuries growing out of the same accident against the same defendant as here, who in turn has joined as an additional defendant the present third-party defendant. All of the claims arising out

**680**

of this accident could be heard and determined in a Pennsylvania State Court proceeding but they cannot be determined here because of the limitation of diversity jurisdiction.

 The Pennsylvania practice does not require the appointment of an administrator under the Wrongful Death Act; suit may be instituted in the first instance by one of the statutory beneficiaries on his own behalf and on behalf of other parties entitled to damages. 12 P.S. § 1601. However, it has been suggested that part of the motive for the provisions of the Pennsylvania Wrongful Death Act was the qualification of an administrator able to bring an action in Federal Court. See Borror v. Sharon Steel Co., cit. supra, 327 F.2d at p. 169. A Pennsylvania Survival Action must be brought by a personal representative (20 P.S. § 320.603) and when suit is brought on a death action, both actions must be combined in one suit. Pa.R. of Civ.P. 213(e) 12 P.S. Appendix. Furthermore, the Pennsylvania third-party practice allows the defendant to join an additional defendant alleged to be solely liable to plaintiff (Pa.R. of Civ.P. 2252, 12 P.S. Appendix) although it must be limited to the cause of action declared by plaintiff. Altoona Central Bank v. American Casualty Co., 415 Pa. 39, 202 A.2d 29 (1964).

The Pennsylvania courts could hear and determine all matters raised by the claim for decedent's death, her husband's injuries, and the defendant's claim against additional defendant arising out of this accident. We cannot.

The defendant in the instant action brings the problem of the limitation of our jurisdiction into focus by a motion for leave to amend her third-party complaint to include a claim for her own damages suffered in the accident, in addition to the claim for contribution which was asserted in the original third-party complaint.

F.R.Civ.P. Rule 14(a) limits third-party claims to those for contribution or indemnity to the original defendant for his liability to plaintiff. It has been suggested that the rule be interpreted liberally to allow the disposition of all claims arising out of a single occurrence or transaction. See Fraser "Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts." 33 F.R.D. 27 [1]. Noland Co. v. Graver Tank & Mfg. Co., 301 F.2d 43 (4th Cir., 1962), is cited in support of the argument for allowance of such claims in a third-party pleading. While the opinion in that case does not mention this point there appears to be no diversity jurisdictional question in that case, the plaintiff being a South Carolina corporation, the original defendant a Virginia corporation and the third-party defendant a Delaware corporation. In that case the Trial Court allowed recovery for the plaintiff and also for the original defendant against the third-party defendant as indemnity in the full amount of plaintiff's claim. It ignored original defendant's additional claim against third-party defendant for loss of anticipated profit by the original defendant. The Court of Appeals for the Fourth Circuit remanded the case to the District Court for consideration of this additional claim since the District Court had not indicated whether it was disallowed because it had no merit, or because the court felt it had no jurisdiction. The Court of Appeals stated that this was a matter that the trial court could well consider, in its discretion, in view of the simplicity of the issues presented. However cf. C. W. Humphrey Co. v. Security Aluminum Co., 31 F.R.D. 41 (E.D.Mich. 1962), and U. S. v. Scott et al., 18 F.R.D. 324 (S.D.N.Y.1955).

 However, in the instant case the Court has no independent diversity jurisdiction of the separate claim of the original defendant here against third-party defendant, nor would an allowance of this

---

1. op. cit. 33 F.R.D. p. 39: "There is at least as much reason for treating such a claim as ancillary as there is for treating a claim for contribution or indemnity as ancillary because both claims grow out of the same core of facts."

amendment permit all claims arising out of this accident to be handled in one proceeding since there is still on file in the state court the action of the decedent's husband for his own personal injuries arising out of this accident which cannot be determined in this Court.

 The present defendant claims that the right to assert her independent claim for her own personal injuries arises out of the provision of F.R. Civ.P. Rule 13, relating to the allowance of counter-claims and cross-claims. However, this is not a compulsory counter-claim of the type required to be asserted under Rule 13 which requires no independent jurisdictional grounds, but a type of permissive counter-claim which must be supported by independent grounds of federal jurisdiction. See 1A Barron & Holtzoff "Federal Practice and Procedure" (Rules Edition, Wright) § 392, p. 552. The provisions of Rule 13 are applicable between the original parties to the action and not to third-party defendant.

To the extent that the original defendant here relies upon the rather broad language of the Pennsylvania Supreme Court in London v. Philadelphia, 412 Pa. 496, 194 A.2d 901 (1963), it should be pointed out that the matter there involved a compulsory counter-claim which the third-party defendant was required to assert against the original defendant under the provisions of Rule 14(a) and Rule 13 which is not involved here. The holding of that court on the "ancillary jurisdiction" of the Federal Court does not cover all issues that could be raised.

The general rule has been stated in 6 Cyclopedia of Federal Procedure § 17.17:

 " * * * there is no sound basis for allowing a third-party claim to support an original action of which the court would not have jurisdiction otherwise,"

and in 1A Barron and Holtzoff "Federal Practice and Procedure" (Rules Ed., Wright) § 426 (1965 Pocket Part), as

 " * * * There is, however, no authorization for the original defendant

to join with his third-party claim other claims he may have against the third-party defendant."

Therefore, the language of Rule 14 which permits third-party claims for contribution or indemnity without regard to diversity, on the one hand, and limits of diversity jurisdiction imposed under Rule 82 prohibit this claim. The Motion for Leave to Amend will be denied.