Genevieve **OBNEY**, Guardian for the Estate of David Stabile, and Joseph Stabile and Anna Stabile

v.

Otto **SCHMALZREID**, Guardian ad litem for William Schmalzreid, a minor.

Civ. A. No. 67–334.

United States District Court
W. D. Pennsylvania.

Sept. 12, 1967.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

In this diversity action plaintiffs are a foreign guardian of a Pennsylvania minor suing for personal injuries to the minor and the minor's parents seeking to recover medical expenses paid on account of the minor's injuries from the

accident. Defendant is a Pennslyvania citizen. No diversity exists between the plaintiff parents and defendant.

Defendant's Answer denies diversity jurisdiction. The Fifth and Sixth Defenses of said Answer allege that the plaintiff, Genevieve Obney, as a foreign guardian of the injured minor, is without authority to maintain the action and that there is no diversity of citizenship alleged in the Complaint.

█ The plaintiff has moved for partial summary judgment that defendant's Fifth and Sixth Defenses are invalid as a matter of law. We deem this matter appropriate for consideration on a Motion for Partial Summary Judgment under Federal Rule of Civil Procedure 56[d].

██ The guardian in this case is a guardian of the estate of the minor appointed by the state courts. He is not a "guardian ad litem" as that term is distinguished in Berkowitz v. Philadelphia Chewing Gum Corp., 303 F.2d 585, (3rd Cir., 1962). The order appointing him recites that the sole asset of the minor's estate is the personal injury claim. It restricts the guardian from disposition of any assets of the minor's estate without court approval. This is not inconsistent with his powers as a general guardian. Most important, under Pennsylvania law the guardian has the power to sue to enforce this claim. Having the capacity to sue, the guardian is the party plaintiff in this suit, and diversity exists between guardian and defendant. DiStefano v. Lehigh Valley Railroad Co., 258 F.Supp. 721 (E.D.Pa., 1966); Borror v. Sharon Steel Co., 327 F.2d 165 (3rd Cir., 1964); Fallat v. Gouran, 220 F.2d 325 (3rd Cir., 1955).

With respect to the parents' claim, while no diversity exists between them and defendant, plaintiffs assert that this is pendant to the guardian's claim, the damages arising out of the same accident. Pendant jurisdiction has been invoked to join claims, where the parents' cause of action, standing alone, did not justify the jurisdictional amount. Wilson v. American Chain & Cable Co., 364 F.2d 558 (3rd Cir., 1966). In that case the court relied on the Pennsylvania policy requiring all claims arising out of injuries to minors to be brought in one action. 12 P.S. § 1625, Pennsylvania Rule of Civil Procedure 2228 (12 P.S. Appendix). The same rule was applied in making a Pennsylvania Wrongful Death claim pendant to the Pennsylvania Survival Act claim to confer federal jurisdiction in Borror v. Sharon Steel Co., supra.

█ Logically, conveniently and economically, the actions should be tried together. If we are to allow the device of a foreign administrator or foreign guardian to confer diversity jurisdiction, there would appear to be no valid reason to exclude those ancillary and pendant claims arising out of the same action, which in the interest of fairness to all parties, should be tried in one action. If this overburdens the Federal Courts with actions which are essentially local, the remedy is either an enlargement of the Federal Court system or statutory limitation on diversity cases.

### ORDER

And now this 12th day of September, 1967, the above matter having come before the Court on Plaintiffs' Motion for Partial Summary Judgment under Federal Rule of Civil Procedure 56[d], and the Court having considered the record and the briefs and arguments of counsel, and it appearing to the Court that there is no genuine issue as to any material fact with respect to the Fifth and Sixth Defenses asserted by defendant, and that the moving party is entitled to judgment as a matter of law thereon, in accordance with the foregoing Opinion it is ordered, adjudged and decreed that partial summary judgment be entered in favor of the plaintiffs with respect to defendant's Fifth and Sixth Defenses and that said defenses are hereby ordered stricken from defendant's answer.