Reinhold H. WEBER and Ralph J. Weber, Executors of the Estate of Paula Weber, Deceased

v.

Dieter WEBER, Defendant and Third-Party Plaintiff,

v.

Gerald SCHLEY, Third-Party Defendant.

Civ. A. No. 41950.

United States District Court
E. D. Pennsylvania.

March 29, 1968.

Donald J. Farage, Philadelphia, Pa., for plaintiff.

Daniel J. Ryan, LaBrum & Doak, Philadelphia, Pa., for defendant.

Milford J. Meyer, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for third-party defendant, Gerald Schley.

## OPINION AND ORDER

JOHN MORGAN DAVIS, District Judge.

As a result of an automobile accident which occurred in Philadelphia on August 23, 1966, a series of lawsuits and counterclaims have been instituted, as follows:

The plaintiffs Dona and Gerald Schley against Dieter Weber, in the Court of Common Pleas, Philadelphia, for personal injuries and property damage. Gerald Schley was joined as an additional defendant.

The plaintiffs Elsie Weber, (who was a passenger in Dieter Weber's auto) and her husband, against Dieter Weber, in the Court of Common Pleas, Philadelphia. Again, Mr. Schley was joined as an additional defendant.

This action, by the estate of Paula Weber, who died as a result of the accident, against Dieter Weber,[1] with Gerald Schley again joined as a third-party defendant.

Gerald Schley, the third party defendant, has filed a counterclaim against Dieter Weber, third party plaintiff, for his own personal injuries, and for the independent damages which he has sustained as a result of the injuries to his wife.[2] It is this counterclaim which the third party plaintiff seeks to dismiss. Both third parties are citizens of Pennsylvania; thus, there is no diversity of citizenship between them, the basis of Federal jurisdiction for the action in chief.

Rule 13(a) regarding compulsory counterclaims provides that:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim * * * but the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action.

The phrase "arises out of the same transaction" is the first area of disagreement—the third party plaintiff would ask us to subscribe to a narrow, restrictive interpretation thereby limiting the subject matter of the counterclaim by the third party defendant, to one for contribution and indemnity, since that is the extent of the "subject matter of the opposing party's claim." Here, the third party defendant is counterclaiming, not for contribution in the event that he is liable over, but for his own injuries and expenses incurred on behalf of his wife—properly characterized as an independent cause of action.[3]

In support of this restricted view of the "transaction or occurrence" language of Rule 13(a) the third party plaintiff invites the attention of the Court to Danner v. Anskis, 256 F.2d 123 (3rd Cir. 1958), wherein a cross-claim by a plaintiff-passenger against a plaintiff-driver arising out of an automobile accident where they were both suing for the same injuries, was held to be improper, and could be entertained in the Federal Court only if there was diversity of citizenship

---

1. Paula Weber was the wife of Reinhold H. Weber, named as co-executor of her estate.

2. Gerald Schley seeks pecuniary damages as a result of expenses which he incurred in the care and treatment of his wife, and for deprivation of his wife's society, comfort and assistance (paragraph 7, answer and counterclaim) (document 12).

3. This is distinguished from the joinder of a third party for contribution (or indemnity) under Federal Rule 14(a), where diversity of citizenship is not required. Sheppard v. Atlantic States Gas Co., 167 F.2d 841 (3rd Cir. 1948).

between the cross-claimants. The "transaction or occurrence" language of Rule 13(g) would pertain, not to the lawsuit as a whole, but to the "claim" or counterclaim which had previously been filed against the party stating the cross-claim. The fact that the "transaction or occurrence" was also the subject matter of the common complaint was held to be insufficient to establish a basis for jurisdiction.

Apart from the fact that *Danner* dealt with cross-claims rather than with counterclaims as here, the proscription was restricted to cross-claims between *plaintiffs*. The Court admitted that the decision might be different if there was a counterclaim against both plaintiffs; then they would be permitted to cross-claim with regard to the subject matter of the counterclaim.

In Main v. Festa, 37 F.R.D. 227 (W.D. Pa.1965) also involving an automobile accident, a co-defendant asserted a cross-claim against the other *defendant* for her own independent injuries.[4] There was no diversity of citizenship between the co-defendants. Following the holding of *Danner*, the cross-claim for defendant's independent injuries was dismissed.

Finally, in Gebhardt v. Edgar, 251 F. Supp. 678 (W.D.Pa.1966), again involving an automobile accident where jurisdiction was based on diversity of citizenship, a third party plaintiff's claim for independent damages (as in the instant case) against the third party defendant was dismissed. The Court characterized the contemplated action, not as a compulsory counterclaim under Rule 14(a), but as "a type of permissive counterclaim which must be supported by independent grounds of federal jurisdiction." Id. at p. 681.

In the more recent decision of Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631 (3rd Cir. 1961), the question of what constitutes a compulsory counterclaim within the meaning of Rule 13(a) was again before the Court. In a well-reasoned opinion, Chief Judge Biggs noted, at p. 633:

\* \* \* the issue of the existence of ancillary jurisdiction and the issue as to whether a counterclaim is compulsory are to be answered by the same test \* \* \*. The tests are the same because Rule 13(a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz. piecemeal litigation in the federal courts."

The Court then continued at p. 634:

We have indicated that a counterclaim is compulsory if it bears a "logical relationship" to an opposing party's claim. \* \* \* A counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts.

■ With this foundation, Judge Biggs then formulated the essence of the compulsory counterclaim rule:

Where multiple claims involve many of the same factual issues, or where they are offshoots of the same basic controversy between the parties, fairness and considerations of convenience and of economy require that the counterclaimant be permitted to maintain his cause of action.[5]

---

4. She also filed a cross-claim for contribution, which was properly permitted under Rule 13(g).

5. The controversy in *Great Lakes* essentially arose, as follows: Great Lakes Corp. filed a complaint based on diversity of citizenship, evidently to enjoin Cooper from engaging in unfair competition. Cooper counterclaimed, alleging a violation of the Sherman Act, 15 U.S.C.

§ 1, and the patent statute, 28 U.S.C. § 1498. Cooper then moved to dismiss the original complaint on the ground that there was no diversity between the parties. The motion was granted. The counterclaim was retained on the basis of independent Federal question jurisdiction. Great Lakes then counterclaimed, alleging substantially the same cause of action as in the now-dismissed complaint. Cooper then moved to dismiss the

Applying this test to the case at hand, we are obliged to conclude that the counterclaim of the third party defendant Gerald Schley, although "independent", i. e. for his own damages, does indeed involve "many of the same factual issues" as will be presented in the third party action for contribution. A characterization that they are "offshoots of the same basic controversy between the parties" would be quite accurate. Needless to say, the prosecution of the entire matter in one lawsuit would certainly champion the cause of "fairness". Finally, the consideration of convenience and economy which Judge Biggs has deemed as significant, would be enhanced by the single action.

We believe that the Court in Gebhardt v. Edgar, approached the problem in a mechanical fashion, without considering the "logical relationship test" which has been developed in this Circuit; Great Lakes Rubber Corporation v. Herbert Cooper Co., supra; Zion v. Sentry Safety Control Corp., 258 F.2d 31 (3rd Cir. 1958) and elsewhere.[6] See also Markus v. Dillinger, 191 F.Supp. 732 (E.D.Pa. 1961), and Berger v. Reynolds Metal Co., 39 F.R.D. 313 (E.D.Pa.1966).

■ Another reason (although not as compelling) permits us to conclude that the counterclaim of the third party defendant Gerald Schley should be deemed compulsory. In Great Lakes Rubber Corp., supra, Judge Biggs continued at p. 634 of 286 F.2d:

> Indeed, the doctrine of *res judicata* compels the counterclaimant to assert his claim in the same suit for it would be barred if asserted separately, subsequently.

Since the question of *liability* between the third party plaintiff and the third party defendant will be decided in the lawsuit in chief, it is conceivable that subsequent consideration of certain issues (in the protective suit pending in the Court of Common Pleas, Philadelphia) will be foreclosed, since the operative facts and the parties are identical. See also Non-Ferrous Metals, Inc. v. Saramar Aluminum Co., 25 F.R.D. 102 (N.D.Ohio, 1960). Prior decisional law, both in the Federal and the State Courts, would indicate that the doctrine of collateral estoppel would be applicable in the third party counterclaim. This was crystalized in Moore v. Deal, 240 F.Supp. 1004, 1006 (E.D.Pa. 1965):

> The rule is well settled in the law that a valid and final judgment rendered in an action to recover money is conclusive between the parties in a subsequent action on a different claim *as to issues actually determined in the prior action*. (emphasis supplied).

Citing restatement of Judgments § 45; Simodejka v. Williams, 360 Pa. 332, 62 A.2d 17 (1948). See also Panto v. Safeway Trails, Inc., 260 F.Supp. 670 (E.D. 1966); Commonwealth of Pennsylvania v. Brown, 260 F.Supp. 323, 342–343 (E. D.Pa.1966).

One final observation is in order. The third party plaintiffs have indicated that the pendency of a prior action in the Common Pleas Court would require us to refrain from entertaining the counterclaims of the third party defendant, for his own independent damages. This problem was adequately discussed in Union Paving Co. v. Downer Corp., 276 F.2d 468, 470, (9th Cir. 1960), where the pendency of an existing suit in another court was characterized as an exception to the "compulsory" mandate of Rule 13 (a), regarding counterclaims:

> When the cause of action which would otherwise of necessity be pleaded in a

---

Great Lakes counterclaim, on the basis of lack of subject-matter jurisdiction; that it was not a compulsory counterclaim, since it did not arise out of the "same transaction or occurrence." The District Court agreed and dismissed the counterclaim; on appeal, the Circuit Court reversed, applying the rationale as discussed above.

6. See cases collected in Barron and Holtzoff, Federal Practice & Procedure, § 394 p. 571 n. 79.5 and pocket supplement, pp. 106–107.

compulsory counterclaim under Rule 13(a) is also the subject of pending litigation in another court—litigation which had been commenced before the instant action—waiver will not result from the failure to counterclaim the cause of action in question and the failing party will not thereafter be barred by res judicata.

The Court then further explained:

The purpose of this exception is seemingly to prevent one party from compelling another to try his cause of action in a court not of the latter's choosing when the same cause of action is already the subject of pending litigation in another forum  *  *  *. The language of the exception clause in Rule 13(a)—such a claim *need not* be so stated [as a counterclaim]  *  * seems clearly permissive.

For the aforementioned reasons we believe that the third party plaintiff's motion to dismiss the counterclaim of the third party defendant must be denied: it is so ordered.