Otto T. SCHWAB, Plaintiff,

v.

ERIE LACKAWANNA RAILROAD COM-
PANY and S. J. Groves and Sons Co.,
Defendants and Third-Party Plaintiffs,

v.

Mildred A. SAUERS, Administratrix of
the Estate of William Sauers, Deceased,
Frank Pulling and Walmer Trucking
Company, Third-Party Defendants.

Civ. A. No. 42–69 Erie.

United States District Court
W. D. Pennsylvania.

Sept. 24, 1969.

V. J. Rich, Pittsburgh, Pa., for plain-tiff.

George I. Buckler, Pittsburgh, Pa., for defendants and third-party plaintiffs.

John M. McLaughlin, Erie, Pa., for Mildred A. Sauers, Adm'r, etc., third-party defendant.

John M. McLaughlin, Erie, Pa., for Frank Pulling, third-party defendant.

Frederick N. Egler, Pittsburgh, Pa., for Walmer Trucking Co., third-party defendant.

OPINION

WEBER, District Judge.

Plaintiff railroad employee sued his employer railroad and the party alleged-ly responsible for the safety of a private crossing where he was injured. The suit against defendant railroad is grounded on F.E.L.A. jurisdiction; the suit against the other defendant is based on diversity jurisdiction. Both defend-ants brought on the record as third-par-ty defendants the owners and operator of a truck involved in the accident in which the plaintiff was injured. Plain-tiff now moves to amend his complaint to assert a direct claim against these third-party defendants. There is no di-versity between these parties. Plaintiff

relies on the doctrine of ancillary or pendant jurisdiction and cites Buresch v. American LaFrance, 290 F.Supp. 265 [W.D.Pa., 1968] of this District in support of his motion.

■ We have always considered pendant jurisdiction as a discretionary matter where the Court may allow the assertion of a non-federal claim for which no independent jurisdictional ground exists, along with a recognized federal claim between the same parties who are properly before the court. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 [1966]. This is proper where "the relationship between that (i. e. the federal) claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" (p. 725, 86 S.Ct. p. 1138).

Under such a view pendant jurisdiction has been employed to entertain those unitary claims where, under state law, two rights of action must be redressed in one suit, i. e. the parents' claim and the minor child's claim, Wilson v. American Chain and Cable Co., 364 F.2d 558 [3rd Cir., 1966], Obney v. Schmalzreid, 273 F.Supp. 373 [W.D.Pa., 1967], and wrongful death and survival action claims, Borror v. Sharon Steel Co., 327 F.2d 165 [3rd Cir., 1964].

■■ Contrary to Buresch v. American LaFrance, supra, the majority of Judges in this District, and the almost unanimous opinion of the federal courts in this country as well as the text writers and the comments of the Advisory Committee on the 1948 Amendments to Fed.R. of Civ.P. 14, all require independent jurisdictional grounds for the assertion of a claim by plaintiff against a third-party defendant. Palumbo v. Western Maryland R. R. Co., 271 F. Supp. 361 [D.Md., 1967]; Corbi v. United States v. T. W. A. Inc., 298 F.Supp. 521 [W.D.Pa., 1969]; Ayoub v. Helm's Express, Inc., 300 F.Supp. 473 [W.D.Pa., 1969]; 3 Moore's Federal Practice §

14.27(i); Annot. 37 A.L.R.2d 1430. None of these cases consider such attempts to assert a direct claim against a third-party defendant to be a matter of discretion under ancillary or pendant jurisdiction. They rest squarely on absence of jurisdiction. See McPherson v. Hoffman, 275 F.2d 466 [6th Cir., 1960]. Nor does the fact that Fed.R. of Civ.P. 14 does not expressly require diversity jurisdiction prevail over the provisions of Fed.R. of Civ.P. 82 which states that these rules neither extend nor limit the jurisdiction of the United States District Courts.

If this were a matter of discretion we would deny the motion because plaintiff sued his employer under the provisions of the F.E.L.A. which applies a different standard of negligence, and a different treatment of contributory negligence, from that which he seeks to assert against the third-party defendants. Gibbs v. United Mine Workers, cit. supra, in discussing the discretionary nature of ancillary jurisdiction, states:

"* * * there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.Rule Civ.P. 42(b). If so, jurisdiction should ordinarily be refused." (p. 727 of 383 U.S., p. 1139 of 86 S.Ct.).

There are other legal problems apparent from the pleadings in this case, not requiring discussion at this time, which would add further weight to our refusing any discretionary ancillary jurisdiction. Had plaintiff wished to assert a direct claim against all parties, he could have done so in the state court, where no such jurisdictional barriers exist.

### ORDER

And now this 24th day of September, 1969, Plaintiff's Motion to Amend Complaint is denied.