Otto T. SCHWAB, Plaintiff,

v.

ERIE LACKAWANNA RAILROAD COMPANY and S. J. Groves & Sons Co., Defendants and Third-Party Plaintiffs,

v.

Mildred A. SAUERS, Administratrix of the Estate of William Sauers, Deceased, Frank Pulling and Walmer Trucking Company, Third-Party Defendants.

Civ. A. No. 42–69.

United States District Court
W. D. Pennsylvania.

Jan. 5, 1970.

V. J. Rich, Pittsburgh, Pa., for plaintiff.

George I. Buckler, Pittsburgh, Pa., for defendants and third-party plaintiffs.

John M. McLaughlin, Erie, Pa., for Pulling and Sauers, third-party defendants.

Frederick N. Egler, Pittsburgh, Pa., for Walmer Trucking, third-party defendant.

## OPINION

WEBER, District Judge.

This is an action in which plaintiff employee named as defendants both his employer railroad and Groves the party allegedly responsible under a written agreement with defendant railroad for the safety of the private crossing at which the accident happened. Jurisdiction of the claim against the railroad is based on the Federal Employers' Liability Act; against Groves it is based on diversity. Liability is asserted against Groves on a mixture of common law negligence allegations and third-party beneficiary allegations.

■ Defendants railroad and Groves joined as third-party defendants, the driver, owner and lessee of the truck involved. The third-party complaint denied all liability of defendants to plaintiff, averred that any damages suffered by plaintiff were caused solely by the negligence of the third-party defendants and that third-party defendants were solely liable to plaintiff. This would not be a proper ground of third-party liability under Fed.R. of Civ.P. 14. Cush v. Pittsburgh, C. & Y. Ry. Co., 157 F.Supp. 360 [W.D.Pa., 1957]. However, the third-party complaint is saved by an allegation that third-party defendants are liable over to defendants for any and all sums that may be adjudged against original defendants. This appears to assert an allowable indemnity claim. No independent jurisdictional grounds are needed to support this third-party claim. Dery v. Wyer, 265 F.2d 804 [2nd Cir., 1959].

The motion for leave to file the third-party claim was consented to by plaintiff and was granted as of course. Following this plaintiff moved to amend his complaint by adding a direct claim against the third-party defendants. This motion was denied for lack of jurisdiction. See 303 F.Supp. 1398.

In the third-party complaint defendant railroad also asserted a separate claim against the third-party defendants for damages incurred by its locomotive in the accident. The third-party defendants object to this because this claim has no independent bases of jurisdiction; there is no federal question; no diversity of citizenship, and no requisite amount in controversy. We sustained these objections after considering briefs in a type of *rule nisi* order, with a supporting opinion, which gave leave for the filing of objections, further briefs and oral arguments. Objection was filed and further briefs were submitted, but the request for oral argument was withdrawn. We now wish to state our grounds for the determination and enter a final judgment on this claim under Fed.R. of Civ.P. 54(b).

■ Defendant railroad argues that its claim against third-party defendants should be entertained under the "ancillary" jurisdiction of the court which allows the court to hear and determine a subsidiary case which is dependent on the main case regardless of its meeting jurisdictional requirements, if those requirements are met in the main case.

One basis urged in support of defendant's position is that the claim for damages to defendant's locomotive is a "compulsory counterclaim" which a party is required to assert against an opposing party if it arises out of the same transaction or occurrence under Fed.R. of Civ.P. 13(a). Plaintiff cites Weber v. Weber, 44 F.R.D. 227 [E.D.Pa., 1968] in which a third-party defendant was allowed to assert a claim for his own damages against the defendant who had impleaded him as being liable for all or part of any damages for which that defendant might be found liable. There was no independent jurisdictional grounds for an action between defendant and third-par-

ty defendant. This type of claim fits the definition of "counterclaim" of Rule 13(a), it arises out of the same transaction as the opposing party's claim, and under the rule of Great Lakes Rubber Corp. v. Herbert Cooper Co., 286 F.2d 631 [3rd Cir., 1961], the court has ancillary jurisdiction, as stated:

"A federal court has ancillary jurisdiction of the subject matter of a counterclaim if it arises out of the transaction or occurrence that is the subject matter of an opposing party's claim of which the court has jurisdiction. Moore v. New York Cotton Exchange, 1926, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750; '3 Moore, Fed. Practice, pp. 39–41 (2d ed. 1948)." (p. 633).

In both the *Weber* and the *Great Lakes Rubber* cases cited, there was an opposing party making a claim, against which the counterclaim was asserted. In the present case, as in our decision in Gebhardt v. Edgar, 251 F.Supp. 678 [W.D. Pa., 1966], there was no claim asserted by any opposing party and the party seeking to assert the independent claim for damages merely sought to append his independent claim for his own damages to the allowable "ancillary" claim for contribution or indemnity. A doctrine closely related to "ancillary" jurisdiction is "pendent" jurisdiction, and it appears in this case that defendant railroad is really asserting that its locomotive damage claim is "pendent" to its "ancillary" claim for contribution or indemnity, which claim is in turn ancillary to the jurisdiction of the original F.E. L.A. claim brought against the railroad. Once the camel gets his nose under the tent, we would have to make room for the entire animal, including its pendent fleas.

All of this appears to us to offend against the mandate of Fed.R. of Civ.P. 82:

"These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

Both Weber v. Weber, cit. supra, and Great Lakes Rubber Corp. v. Herbert Cooper Co., cit. supra, note that the rationale of the ancillary jurisdiction and Fed.R. of Civ.P. 13(a) are the same.

"The tests are the same because Rule 13(a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz., piecemeal litigation in the federal courts." Great Lakes Rubber Corp. v. Herbert Cooper Co. 286 F.2d 631, 633, 634 [3rd Cir. 1961].

However, in defense of our mechanical approach[1] in Gebhardt v. Edgar, supra, we would like to note that in that case we had an action involving claims between a number of parties, all Pennsylvania residents. One of the persons involved in the accident was killed, and under the prevailing practice a foreign administrator was appointed to "manufacture" diversity. In the foreign administrator's suit, the defendant joined a third-party for contribution. The defendant attempted to add to the third-party complaint a count for her own damages. A compelling reason in our mind for disallowing this claim because of the lack of independent jurisdiction was the fact that a state court suit was pending in which the husband of the decedent sued the same defendant, who in turn joined the same third-party defendant. Pennsylvania has a broader base for third-party claims than allowed by federal practice, and there were no jurisdictional or venue impediments to trying all of the claims arising from the accident between all participants in the

[1]. "We believe that the court in Gebhardt v. Edgar, approached the problem in a mechanical fashion, without considering the 'logical relationship test' which has been developed in this Circuit; * * *." Weber v. Weber, 44 F.R.D. 227, 230 [E.D.Pa.1968].

state court action. Therefore, we believed that there were no considerations of judicial economy, convenience and fairness to the parties which would be served by taking "ancillary" jurisdiction of the defendant's independent claim. There were still claims arising from this accident between the parties or related parties which could not be brought in the district court.

On the other hand, we have allowed claims to be determined as "pendent" to a claim within the diversity jurisdiction where such allowance would dispose of the whole controversy, as in Obney v. Schmalzreid, 273 F.Supp. 373 [W.D.Pa., 1967], where a parent's claim for medical expenses incurred was allowed to be added to a suit by a foreign guardian for injuries to a minor. Again, consideration of judicial economy, convenience and fairness to the parties indicated this result.[2]

In the present case we do not believe that fairness to the parties will be served by allowing defendant's independent claim to be tried together with plaintiff's F.E.L.A. claim. The F.E.L.A. statute was designed to give a simple judicial remedy to railroad employees injured in the course of their employment. This remedial statute provided standards for the determination of liability that were more liberal than the common law standards, it abolished or limited certain common law defenses. Thus defendant railroad's liability to plaintiff employee is measured by different standards than would be applied to any liability of third-party defendants for damage to railroad's locomotive. As an illustration of the difficulty faced at trial we refer to Kennedy v. Pennsylvania Railroad Co., Defendant v. United States Steel Corp., Third-Party Defendant, 282 F.2d 705, [3rd Cir. 1960], where the Court of Appeals noted:

"Steel is a party here only because Rule 14, Fed.R.Civ.P., 28 U.S.C.A., allowed Railroad to implead it. To apply the rules of the F.E.L.A. to Steel would be to open the door to the use of the rule as a means of circumventing the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188." (p. 709).

Because the primary claim in this case is a suit by a railroad employee under the F.E.L.A., we feel that ancillary jurisdiction of other claims should be refused, as was stated in Gibbs v. United Mine Workers, supra, fn. 2:

"* * * there may be reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, that would justify separating state and federal claims for trial, Fed.R.Civ.P. 42(b). If so, jurisdiction should ordinarily be refused. (383 U.S. p. 727, 86 S.Ct. p. 1139)

The motion of third-party defendants to dismiss the claim will be granted and a final order entered.

### ORDER

And now this 5th day of January, 1970, counsel having been heard on the motion of Third-Party Defendants Sauers and Pulling to Dismiss paragraph eight of Third-Party Plaintiff's Complaint against them, and it being expressly determined that there is no just reason for delay and expressly directed

---

2. We believe that this was the rationale of United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 [1966] where the Court states: "* * * if, considered without regard to their federal or state character, a *plaintiff's* [emphasis supplied] claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." [725, 86 S.Ct. 1130]. *Obney*, involved injuries to a minor child and the claim of parents for expenses, which under Pennsylvania procedure must be brought in a single action.

that final judgment upon this separate issue be entered, it is ordered

1. That Third-Party Defendants' Motion to Dismiss paragraph eight of Third-Party Plaintiff's Complaint for want of jurisdiction is granted.

2. That paragraph eight of said Third-Party Complaint is dismissed and the Clerk is directed to make entry of this judgment in accordance with Fed.R. of Civ.P. 58.