**BICKEL–GIBSON ASSOCIATES ARCHITECTS, INC., Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, d/b/a INAPRO and Hummel Engineering Associates, Inc.; John Hummel, Appellees.**

No. 88–CA–001450–S.

Court of Appeals of Kentucky.

June 9, 1989.

As Modified June 23, 1989.

Rehearing Denied Aug. 11, 1989.

Bill V. Seiller, Cindy L. Stone, Rice, Seiller, Cantor, Anderson & Bordy, Louisville, for appellant.

Kenneth L. Anderson, Louisville, Leo F. Camp, Robert C. Ewald, Wyatt, Tarrant & Combs, Edward H. Stopher, Raymond G. Smith, Boehl Stopher Graves & Deindoerfer, Louisville, for appellees.

Before CLAYTON, GUDGEL, and WEST, JJ.

CLAYTON, Judge.

This case is before the Court of Appeals as the result of a Jefferson Circuit Court order denying Bickel–Gibson Associates Architects, Inc. leave to file a cross-claim against the Insurance Co. of North America d/b/a INAPRO. We reverse.

The Louisville and Jefferson County Air Board contracted with Bickel–Gibson Associates for architectural plans for the Landside Terminal Building at Standiford Field. Bickel–Gibson Associates contracted with Hummel Engineering Associates, Inc. and John Hummel to prepare the necessary structural plans and designs. After construction was started, some significant problems were discovered in the Hummel designs. The Air Board demanded that Bickel–Gibson bear the cost of making the corrections. The Insurance Company of North America, doing business as INA-PRO, was Bickel–Gibson's professional lia-

bility carrier. INAPRO paid for the corrective measures. Bickel–Gibson filed suit against Hummel for negligence, breach of warranty and breach of contract. INA-PRO intervened on December 9, 1985, asserting its subrogation and indemnity claims. Trial was eventually set for March 1, 1988. Prior to trial, INAPRO settled all of its claims against Hummel. Bickel–Gibson then sought leave to file a cross-claim against INAPRO. The cross-claim is based on terms contained within the professional liability policy, specifically for reimbursement for consultant fees, attorney's fees and some in-house expenses required as a result of the corrective work on the Landside Terminal Project directly related to the flaws in the Hummel plans. Bickel–Gibson also claimed that INAPRO overcharged on the policy deductible by $5,000. The total cross-claim amounts to $69,055.10. INA-PRO was involved in the suit practically from its initiation.

The trial court denied leave to file the cross-claim by Bickel–Gibson against INA-PRO. The sole issue before this Court is the propriety of the circuit court order.

Civil Rule 13.07 provides in substance that a cross-claim may be asserted against a co-party for claims arising out of the transaction or occurrence that is the subject matter of either the original action or of a counterclaim.

In a suit involving a similar fact situation, the Sixth Circuit Court of Appeals held that it was error for the trial court to dismiss cross-claims. *LASA Per L'Industria Del Marmo Soc. Per Azioni v. Alexander,* 414 F.2d 143 (6th Cir.1969). That case involved a multitude of parties, all before the court. The policy behind the ruling allowing the cross-claims is that FRCP 13 is remedial and is to be liberally construed. The key to allowing a cross-claim is that the words within the rule "transaction or occurrence" are to be given a broad and liberal interpretation. In this case the cross-claim is based on the very same occurrence. Proof of the damages caused by Hummel's negligence and breach of contract directly relate to the costs incurred by Bickel–Gibson for which the architectural

firm would look to its insurance carrier INAPRO.

Argument is made that Bickel–Gibson may not file a cross-claim against INAPRO because CR 13.07 allows cross-claims only when filed in response to a claim or counterclaim made for damages owed. The case of *Danner v. Anskis*, 256 F.2d 123 (3rd Cir.1958) is cited as authority and does seem to stand for that proposition. However, we are not so persuaded that *Danner* is the proper application of the rule. The second part of the rule states that a cross-claim "may" include a claim that the party against whom it is asserted is or may be liable for all or part of the claim. By use of the permissive word "may" in regard to asserting rights against a party for claims owed, the rule language by implication appears to allow cross-claims in situations other than where a party is searching for indemnity when a claim or counterclaim is being asserted against it. In fact, the analysis of *Danner v. Anskis, supra*, reveals that the holding reached there may have been that of the rule drafter's intentions, but it does not comport with the language actually used. Thus, application of the rule in that narrow setting is incorrect. Wright & Miller, *Federal Practice & Procedure*, Civil Section 1432, p. 174.

It is also argued that a controversy involving insurance coverage owed in a particular situation presents a different question than determining liability for the injury itself. The argument is that the two different bases of liability are so very different so as not to belong in the same suit. There are numerous cases cited for this proposition. *Fireman's Fund Insurance Company v. Trobaugh*, 52 F.R.D. 31 (1971); *Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1 (1978); *St. Paul Fire & Marine Ins. Co. v. Mannie*, 91 F.R.D. 219 (1981). An analysis of those cases, however, reveals that each involved an action for personal injury in which the party plaintiff was attempting to posture the case to bring the insurance carrier into the case before the jury. The facts in this case are not the same. Bickel–Gibson seeks damages against their own carrier.

■ Absolute factual identity is not required for a finding that claims arise out of the same transaction or occurrence. *Old Homestead Bread Co. v. Continental Baking Co.*, 47 F.R.D. 560 (1969). The evidence involved will be substantially the same and allowing the cross-claim will enable the trial court to make a complete determination of all issues arising out of the controversy and perhaps avoid multiplicity of suits. This is the result the rule contemplates. Since there is a logical relationship between the cross-claim and the transaction or occurrence in the original action, we believe allowing the cross-claim would be proper. *R.E. Linder Steel Erection v. Alumisteel Systems*, 88 F.R.D. 629 (1980).

The order of the Jefferson Circuit Court is reversed.

WEST, J., concurs.

GUDGEL, J., dissents but files no separate opinion.