Charles L. SMITH and Jane R. Smith, his wife, Plaintiffs,

v.

**REYNOLDS METALS COMPANY,**
Defendant.

Civ. A. No. 69–88.

United States District Court, M. D. Pennsylvania.

Jan. 15, 1971.

Lawrence C. Zeger, Mercersburg, Pa., for plaintiffs.

James K. Thomas, Metzger, Hafer, Keefer, Thomas & Wood, Harrisburg, Pa., for defendant.

## OPINION

MUIR, District Judge.

The Defendant Reynolds Metals Company moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

In this action, Plaintiffs seek to recover damages for an alleged breach of warranty. The salient facts follow.

On August 24, 1965, Plaintiffs entered into a contract with Guard-All Aluminum Products for the installation of a roof on Plaintiffs' house. The shingles used on the job were known as "Shingle-Shakes" and were manufactured by Merit Aluminum Products from aluminum supplied by Defendant Reynolds Metals Company. Following completion of the work, a warranty was executed by all the parties. It provided *inter alia:*

> Reynolds Metals Company warrants that the aluminum used in the manufacture of such Shingle-Shakes is free from defects in material and workmanship. If any of such Shingle-Shakes are made of defective aluminum, Reynolds Metals Company shall repair or replace them at its own expense or at its election shall refund the purchase price thereof.

It was agreed that the executed warranty was in lieu of all other warranties and set forth the limits of responsibilities for all the parties.

Subsequently, the roof leaked causing damage to Plaintiffs' home and furnishings. This action was thereafter instituted against Guard-All Aluminum Products, Merit Aluminum Products,

and Reynolds Metals Company. By Order dated January 8, 1971, this Court granted a motion to dismiss made by Guard-All Aluminum Products and Merit Aluminum Products.

In their complaint, Plaintiffs allege that the shingles were made from " * * * defective metal products * * * ". The complaint does not specifically allege that the aluminum supplied by Defendant Reynolds Metals Company to the manufacturer of the shingles was defective. Defendant therefore contends that since it only warranted that the aluminum used in the manufacture of the shingles would be free from defects, the complaint fails to state a cause of action.

In making its determination, this court has considered all the papers of record in the case. Consequently, the motion for judgment on the pleadings must be treated as a motion for summary judgment; the crucial question is whether or not a genuine issue as to any material fact exists. National Surety Corp. v. First National Bank in Indiana, 106 F.Supp. 302 (W.D.Pa.1952). In passing upon a summary judgment motion, it is not the court's function to decide issues of fact but solely to determine whether there is an issue of fact. All doubts are, of course, resolved against the moving party. For the reasons that follow, the motion will be granted.

Neither the complaint nor the depositions filed disclose any facts which would lead this Court to the conclusion that there was a defect in the aluminum used in the manufacture of the shingles applied to Plaintiffs' home. Indeed, Plaintiffs' counsel admitted at argument on this motion that his cause of action against Reynolds Metals Company is predicated on the improper manufacture of the shingles. It is the position of Plaintiffs that either the warranty executed by the parties is broad enough to make Reynolds Metals Company liable for the defective manufacture or it is of no effect since it violates fundamental concepts of public policy.

The clear and concise language of the certificate of warranty rebuts the Plaintiffs' contention that Reynolds is liable for defects in the manufacture of the shingles. Reynolds only warranted that the raw material, *i.e.*, the aluminum, would be free from defects. Its disclaimer of any responsibility for any defects other than in the raw material was plainly set out, and was in accordance with § 2–316 of the Uniform Commercial Code, 12A P.S. § 2–316. Such a disclaimer is perfectly valid.

Having concluded that the disclaimer is valid, an additional reason for dismissal becomes apparent. Reynolds Metals Company expressly limited the amount of recovery under the warranty to the replacement cost of the shingles. Since the contract price was only $2,700.00, the claim against Reynolds Metals Company is below the jurisdictional requisite of $10,000.00. There being no other basis for federal jurisdiction, the complaint is defective. Rule 12(h) (3), Fed.R.Civ.Proc.

Accordingly, an Order will be entered granting the motion of Reynolds Metals Company for judgment on the pleadings.