NORTHERN CONTRACTING COMPA-NY and Pennsylvania Power and Light Company

v.

C. J. LANGENFELDER & SON, INC.

v.

PENN CENTRAL TRANSPORTATION COMPANY and Henkels & McCoy, Inc.

Civ. A. No. 76–3191.

United States District Court, E. D. Pennsylvania.

Oct. 26, 1977.

---

Richard W. Hopkins, Philadelphia, Pa., for plaintiff.

James F. Young, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is plaintiffs' motion, pursuant to Fed.R.Civ.P. 15(a), for leave to file an amended complaint to assert a claim against third-party defendant Henkels & McCoy, Inc. ("Henkels"). For the reasons stated below, plaintiffs' motion will be denied for failure to show an independent basis for federal court jurisdiction to support their direct claim against third-party defendant Henkels.

Plaintiff Northern Contracting Company ("Northern") is a corporation which is incorporated in the State of Delaware and has its principal place of business in Pennsylvania. Plaintiff Pennsylvania Power and Light Company ("PP&L") is a corporation

which is incorporated in the State of Pennsylvania and has its principal place of business in Pennsylvania. Defendant C. J. Langenfelder & Son, Inc. ("Langenfelder"), is a corporation which is incorporated in the State of Maryland and has its principal place of business in Maryland. Third-party defendants Penn Central Transportation Company ("Penn Central") and Henkels are each incorporated in the State of Pennsylvania and each has a place of business in Pennsylvania. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, diversity of citizenship, and the amount in controversy is alleged to exceed $10,000, exclusive of interest and costs.

■■■ In their complaint, plaintiffs allege that Langenfelder's negligence in the unloading of crude oil from a ship docked in Philadelphia caused massive leakage and loss of the oil. Langenfelder answered by denying plaintiffs' allegations and by arguing that any damage to the pipeline described was caused by the act or negligence of others not within the employ of Langenfelder. Langenfelder then filed a motion, pursuant to Fed.R.Civ.P. 14(a),[1] for leave to file a third-party complaint joining Penn Central and Henkels as third-party defendants, which motion was granted by this Court in an Order dated April 18, 1977. Plaintiffs now move this Court, pursuant to Fed.R.Civ.P. 15(a), for leave to amend their complaint to assert a direct claim against Henkels.

In support of their motion, Northern and PP&L argue that Fed.R.Civ.P. 14(a) enables them to assert a claim against third-party defendant Henkels, notwithstanding the lack of diversity of citizenship between them. Fed.R.Civ.P. 14(a) states, in pertinent part:

> The plaintiff may assert any claim against the third party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff . . . .

Rule 14 does not indicate whether a basis of jurisdiction independent of the main action is required to support a plaintiff's direct claim against a third-party defendant. However, in discussing the 1948 Amendments to Rule 14, the Advisory Committee on the Rules of Federal Procedure stated in the Notes to Rule 14:

> In any case where the plaintiff could not have joined the third party originally because of jurisdictional limitations such as lack of diversity of citizenship, the majority view is that any attempt by the plaintiff to amend his complaint and assert a claim against the impleaded third party would be unavailing.

Further, Fed.R.Civ.P. 82 states, in pertinent part, that: "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

■■■ Plaintiffs argue that, because Fed.R.Civ.P. 14(a) is silent on the issue of the requirement of jurisdictional grounds independent from the main action, they are permitted to advance a claim against Henkels under the doctrines of ancillary and pendent jurisdiction. A claim is ancillary "when it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim over which the Court has an independent basis of federal

---

1. The Court notes that, although Langenfelder impleaded Penn Central and Henkels pursuant to Fed.R.Civ.P. 14(a), the third-party complaint cites Fed.R.Civ.P. 14(c) as additional support for its admiralty and maritime claims against the third-party defendants. In cases involving admiralty and maritime claims, Fed.R.Civ.P. 14(c) enables the defendant to demand judgment against the third-party defendant in favor of plaintiff, in which case "the action shall proceed as if the plaintiff had commenced it against the third-party defendant" as well as against the defendant. The effect of a third-party plaintiff's impleader pursuant to Fed.R.Civ.P. 14(c), where the third-party plaintiff demands judgment against the third-party defendant to be entered in favor of plaintiff, is to allow plaintiff to assert a direct claim against the third-party defendant. However, notwithstanding Langenfelder's reference to Fed.R.Civ.P. 14(c), the third-party complaint does not demand judgment against Henkels to be entered in favor of plaintiffs. Therefore, plaintiffs in this case may not use the provisions of Fed.R.Civ.P. 14(c) to advance a direct claim against Henkels.

jurisdiction." *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 714 (5th Cir. 1970). Ancillary jurisdiction to implead other parties under Fed.R. Civ.P. 14(a) is available to litigants in a defensive posture so that a defendant's interests may be adequately protected. *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., supra,* 426 F.2d at 715. Langenfelder's third-party complaint is ancillary to the main action between itself and plaintiffs, because it bears a logical relationship to the aggregate core of operative facts which constitutes the main claim, in that, Penn Central and/or Henkels may be wholly or partly liable for plaintiffs' damages. Therefore, no independent ground of federal jurisdiction is needed to adjudicate Langenfelder's ancillary claims against the third-party defendants.

■ However, the overwhelming majority of courts which have considered the issue hold that an independent basis of jurisdiction is a prerequisite to support a plaintiff's direct claim against an impleaded third-party defendant. *Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1233 (3d Cir. 1976); *Johnson v. Better Materials Corp.,* 556 F.2d 131 (3d Cir. 1976); *Fawvor v. Texaco, Inc.,* 546 F.2d 636, 642–643, 639 at n. 7 (5th Cir. 1977); *Kenrose Mfg. Co. v. Fred Whitaker Co., Inc.,* 512 F.2d 890, 893 (4th Cir. 1972); *Revere Copper & Brass, Inc. v. Aetna Casualty & Surety Co., supra,* 426 F.2d at 716; *Schwab v. Erie Lackawanna Railroad Co.,* 303 F.Supp. 1398, 1399 (W.D.Pa.1969). As long ago as 1947, the Third Circuit specifically rejected the argument that ancillary jurisdiction is an adequate basis for a plaintiff's direct claim against a non-diverse third-party defendant. In *Pearce v. Pennsylvania Railroad Co.,* 162 F.2d 524 (3d Cir.), *cert. denied,* 332 U.S. 765, 68 S.Ct. 71, 92 L.Ed. 350 (1947), the Third Circuit discussed the scope of Fed.R.Civ.P. 14(a), stating:

> Rule 14 gives the sole right to the defendant or defendants to make the original election of bringing in additional defendants in a third party action, and plaintiff may not use that Rule in an attempt to maintain an action against a defendant over whom the Court would have no jurisdiction prior to the adoption of Rule 14. *Pearce v. Pennsylvania Railroad Co., supra,* 162 F.2d at 528–529.

As recently as 1976, the Third Circuit reaffirmed its holding in *Pearce* that there must exist an independent jurisdictional basis for the direct claim of a plaintiff against a third-party defendant under Fed.R.Civ.P. 14(a), and noted that, as of 1976, "no Court of Appeals has adopted the ancillary jurisdiction argument." *Rosario v. American Export-Isbrandtsen Lines, Inc., supra,* 531 F.2d at 1233 n. 17. The requirement of an independent basis of jurisdiction is thus currently the law in the Third Circuit and in the majority of federal courts. *Rosario v. American Export-Isbrandtsen Lines, Inc., supra,* 531 F.2d at 1233; *Schwab v. Erie Lackawanna Railroad Co., supra,* 303 F.Supp. at 1399.[2] Plaintiffs' motion to amend their complaint, pursuant to Fed.R. Civ.P. 15(a), on the basis of ancillary jurisdiction will, therefore, be denied.

■ Northern and PP&L argue, in the alternative, that the doctrine of pendent jurisdiction enables plaintiffs to assert a direct claim against Henkels. In its discussion in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the United States Supreme Court found that:

---

**2.** Supporting reasons for the majority view which require an independent basis of jurisdiction for a plaintiff's direct claim against a third-party defendant include:

(1) Plaintiff should not be allowed, by an indirect route, to sue a co-citizen under diversity jurisdiction when he is not permitted to sue that party directly; (2) the majority rule prevents collusion between plaintiff and defendant to obtain federal jurisdiction over a party who would otherwise not be within the court's reach; (3) the rule which generally does not require diversity as between plaintiff and third-party defendant proceeds on the assumption that the plaintiff is seeking no relief against the third-party defendant; and (4) federal dockets are so crowded that the federal courts should not reach out for state law based litigation. *Kenrose Mfg. Co., Inc. v. Fred Whitaker Co., Inc., supra,* 512 F.2d at 893–894.

Pendent jurisdiction, in the sense of judicial *power,* exists whenever there is a claim "arising under [Article III, § 2 of the U. S. Constitution]," and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. *United Mine Workers of America v. Gibbs, supra,* 383 U.S. at 725, 86 S.Ct. at 1138 (original emphasis).

Pendent jurisdiction has consistently been recognized as a doctrine of discretion, not of right. *United Mine Workers of America v. Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. 1130. Plaintiffs' federal claim against Henkels must have substance sufficient to confer subject matter jurisdiction on the Court before we may reach any pendent claims. Because we find that this Court lacks independent basis of federal jurisdiction over plaintiffs' direct claim against Henkels, there is no basis for this Court's exercise of pendent jurisdiction over plaintiffs' state law claims. Plaintiffs' motion to amend their complaint, pursuant to Fed.R.Civ.P. 15(a), on the basis of pendent jurisdiction will, therefore, be denied.

In summary, we hold that an independent basis of jurisdiction is necessary for a plaintiff in a diversity action under 28 U.S.C. § 1332 to assert a non-federal claim against a non-diverse third-party defendant. Plaintiffs' failure to demonstrate an independent jurisdictional basis requires denial of their motion for leave to amend their complaint.

An appropriate Order will be entered.