Jane FERRELL, Plaintiff,

v.

ASSOCIATION OF CENTRAL OKLAHO-
MA GOVERNMENTS, Defendant.

No. CIV–78–0299–D.

United States District Court,
W. D. Oklahoma.

Sept. 11, 1978.

Morris L. Dunlap, Oklahoma City, Okl.,
for plaintiff.

J. Dell Gordon, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

This is a civil rights action brought by Plaintiff under 42 U.S.C. §§ 1981, 1983 and the Equal Employment Opportunity Act, 42 U.S.C. §§ 2000e–2000e–17, to recover for alleged sex discrimination by Defendant in discharging Plaintiff from her employment with Defendant. Plaintiff asserts in her Complaint that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 2000e–5(f).

Defendant has filed herein a Motion to Dismiss Plaintiff's action or, in the alternative, for summary judgment in favor of Defendant. Said Motion is supported by a Brief, affidavit and exhibit and Plaintiff has filed a Brief in opposition thereto. The Court will consider the eight grounds advanced by Defendant in support of its Motion and Plaintiff's responses thereto seriatim.

### 1. LACK OF IN PERSONAM JURISDICTION

■ Defendant contends that the Court lacks *in personam* jurisdiction over it as the service of process in this case was had upon Defendant's Executive Director and thus Defendant has not been properly served under either Oklahoma law or Rule 4(d)(6), Federal Rules of Civil Procedure. Plaintiff maintains that Rule 4(d)(6) has been complied with in this case and that the Court has *in personam* jurisdiction over Defendant.

Rule 4(d), Federal Rules of Civil Procedure provides in part as follows:

"The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:

. . . . .

(6) Upon a state or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the complaint to the chief executive officer thereof *or* by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." (Emphasis added).

In this case, service of process was made on Larry E. Goodman, Defendant's Executive Director. This appears to substantially comply with the above Rule. Therefore, the Court finds and concludes that the service of process herein was accomplished in compliance with Rule 4(d)(6) and that the Court has *in personam* jurisdiction over Defendant. Accordingly, Defendant's Motion to Dismiss for lack of *in personam* jurisdiction should be overruled.

### 2. LACK OF SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S EQUAL EMPLOYMENT OPPORTUNITY ACT CLAIM AND PLAINTIFF'S LACK OF STANDING TO BRING SUCH A CLAIM

■ Defendant contends that under 42 U.S.C. § 2000e–5(f), the United States Attorney General rather than Plaintiff should have brought this suit against Defendant as Defendant is a "government, governmental agency, or political subdivision." Plaintiff maintains that she is a "person aggrieved" and can bring a civil suit under § 2000e–5 even if the Attorney General has not commenced an action against a defendant who is a governmental unit.

42 U.S.C. § 2000e–5(f)(1) provides in part as follows:

"If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the

Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and *within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved* or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice." (Emphasis added).

In view of the express language of § 2000e–5(f)(1) set out above, it is obvious that a "person aggrieved" may bring an action against a "government, governmental agency, or political subdivision" after receiving a right to sue notice and that such an action is not required to be brought by the Attorney General. *See Patton v. Conrad Area School District,* 388 F.Supp. 410 (D.Del.1975). Therefore, the Court finds and concludes that Defendant's second ground advanced in support of its Motion is without merit.

3. LACK OF SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S EQUAL EMPLOYMENT OPPORTUNITY ACT CLAIM DUE TO PLAINTIFF'S FAILURE TO MEET THE JURISDICTIONAL REQUIREMENT OF A PROPERLY ISSUED NOTICE OF RIGHT TO SUE

■ Defendant contends that Plaintiff has alleged only that a right to sue notice was issued by the Equal Employment Opportunity Commission (EEOC) while a right to sue notice for charges against governmental respondents must be issued by the Attorney General. Plaintiff maintains that she has received a properly issued and valid right to sue notice from the EEOC.

It appears that 42 U.S.C. § 2000e–5(f)(1) and the related regulations require a notice of right to sue for discrimination charges against a respondent who is a "government,

governmental agency, or political subdivision" to be issued by the Attorney General. In cases not involving a "government, governmental agency, or political subdivision," the EEOC is responsible for the issuance of a notice of right to sue. However, the exact nature of the Defendant in this case is unclear. Plaintiff alleged in her Complaint that Defendant is a "public agency as defined by the Interlocal Cooperation Act, Title 74, Okl.Stat.Ann. §§ 1001–1008a [1008]." This allegation was denied by Defendant in its Answer. Therefore, the Court is unable to determine from the record before it that Defendant is a "government, governmental agency, or political subdivision" within the meaning of § 2000e–5(f)(1) and that Plaintiff's right to sue notice was required to have been issued by the Attorney General. Accordingly, as Plaintiff has alleged in her Complaint that she received a right to sue notice from the EEOC prior to bringing this action, the Court finds and concludes that Defendant's Motion to Dismiss Plaintiff's Equal Employment Opportunity Act claim for lack of subject matter jurisdiction should be overruled subject to reconsideration if it is later established that Defendant is a "government, governmental agency, or political subdivision" within the meaning of § 2000e–5(f)(1).

4. THE ALLEGATIONS OF PARAGRAPHS C–2, C–3 AND D–2 OF THE COMPLAINT CONCERNING ALLEGED MATTERS OF PROMOTION ARE FATALLY DEFECTIVE

■ Defendant contends that the discrimination allegations contained in paragraphs C–2, C–3 and D–2 of Plaintiff's Complaint were not raised within the applicable limitations period of 42 U.S.C. § 2000e–5 or in Plaintiff's charge filed with the EEOC. Plaintiff admits that these allegations were not contained in the charge she filed with the EEOC but maintains that they are reasonably related to the allegations of said charge.

Paragraphs C–2, C–3 and D–2 of Plaintiff's Complaint allege that Defendant dis-

criminated against Plaintiff on the basis of sex in connection with promotion related matters in November of 1975 and seek damages for this alleged discrimination. The charge filed by Plaintiff with the EEOC does not include these allegations and states only that Plaintiff was discriminated against in connection with her termination in mid-1977. Other paragraphs of Plaintiff's Complaint contain allegations pertaining to Defendant's alleged discrimination in connection with Plaintiff's termination. However, it is "jurisdictionally necessary" that the same claims for which Plaintiff seeks recovery in this action have been raised in Plaintiff's charge filed with the EEOC. *Reaves v. Westinghouse Electric Corp.*, 439 F.Supp. 623 (E.D.Wis.1977). Therefore, as Plaintiff did not include in her charge filed with the EEOC her claim for alleged discrimination in connection with the promotion matters, the Court finds and concludes that Plaintiff's action should be dismissed insofar as Plaintiff is seeking to recover for alleged discrimination by Defendant in connection with the promotion related matters alleged in the Complaint but not raised in the charge filed by Plaintiff with the EEOC.

### 5. PUNITIVE DAMAGES MAY NOT BE AWARDED UNDER THE EQUAL EMPLOYMENT OPPORTUNITY ACT

■ In paragraph E–2 of her Complaint, Plaintiff seeks judgment against Defendant in the sum of $125,000.00 "as punitive or liquidated damages." Defendant contends that punitive damages are not available under the Equal Employment Opportunity Act and Plaintiff so agrees. However, Plaintiff maintains in her Brief in opposition to Defendant's Motion that she is "intitled [sic] to Liquidated Exemplary Damages in the amount of twice the sum of actual damages as provided in Title VII actions for age discrimination."

Punitive damages are not properly allowed in an action brought under the provisions of the Equal Employment Opportunity Act. *Pearson v. Western Electric Co.*, 542 F.2d 1150 (Tenth Cir. 1976). Further-more, while "liquidated damages" are specifically authorized in an action for age discrimination in employment brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, the Equal Employment Opportunity Act does not provide for such damages. Therefore, Plaintiff's claim for $125,000.00 "as punitive or liquidated damages" in the instant case is improper and should be dismissed insofar as Plaintiff is seeking said damages under the Equal Employment Opportunity Act.

### 6. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. § 1981

■ Defendant contends that Plaintiff's Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1981 as said section is limited to racial discrimination. In her Brief in opposition to Defendant's Motion, Plaintiff did not respond to this contention.

The Court agrees with Defendant's contention that § 1981 is applicable only to racial discrimination and not to discrimination on the basis of sex. *See Harbert v. Rapp*, 415 F.Supp. 83 (W.D.Okl.1976); *Knott v. Missouri Pacific Railroad Co.*, 389 F.Supp. 856 (E.D.Mo.1975), *aff'd*, 527 F.2d 1249 (Eighth Cir. 1975); *Arnold v. Tiffany*, 359 F.Supp. 1034 (C.D.Cal.1973), *aff'd*, 487 F.2d 216 (Ninth Cir. 1973), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974). Therefore, as Plaintiff's Complaint contains no allegations of racial discrimination by Defendant, the Court finds and concludes that Plaintiff's action should be dismissed for failure to state a claim upon which relief can be granted insofar as Plaintiff is seeking to recover under § 1981 for alleged discrimination by Defendant.

### 7. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 U.S.C. § 1983

■ Defendant contends that Plaintiff has made no allegation that Defendant's official policy includes a policy of sex discrimination and that any sex discrimination which may have occurred was contrary to

Defendant's official policy and was inflicted solely by Defendant's employees or agents. Therefore, Defendant maintains that Plaintiff has failed to state a claim upon which relief can be granted under § 1983 in view of *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (June 6, 1978). Plaintiff did not respond to this contention of Defendant.

In *Monell* the Supreme Court overruled *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), insofar as the latter case held that local governments are wholly immune from § 1983 suits and held that local governing bodies could be sued directly under § 1983 for monetary, declaratory or injunctive relief where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." 436 U.S. at 690, 98 S.Ct. at 2036. The Supreme Court further held that local governments "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.*

The Court has examined the pleadings in the instant case and is unable to conclude beyond doubt that Plaintiff can prove no set of facts to establish that the alleged unconstitutional conduct of the Defendant implemented an officially adopted "policy statement, ordinance, regulation, or decision" or a "governmental custom" of the Defendant. Moreover, the Court is not fully convinced that Defendant is a "local government" within the meaning of *Monell.* Therefore, Defendant's Motion to Dismiss should be overruled insofar as it seeks dismissal of Plaintiff's action for failure to state a claim upon which relief can be granted under § 1983. *See Hospital Building Co. v. Trustees of Rex Hospital,* 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976); *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Callaway v. United States,* 568 F.2d 684 (Tenth Cir. 1978).

**8. LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1343**

Defendant contends that the Court lacks subject matter jurisdiction of this action under 28 U.S.C. § 1343 as Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981 and 1983. Plaintiff did not respond to this contention.

Although the Court has determined herein that Plaintiff's Complaint fails to state a claim upon which relief can be granted under § 1981, the Court decided otherwise in connection with Plaintiff's claim under § 1983. Therefore, the Court finds and concludes that Defendant's Motion to Dismiss this action for lack of subject matter jurisdiction under § 1343 should be overruled.

## CONCLUSION

In view of the foregoing, the Court determines that Defendant's Motion should be overruled insofar as Defendant seeks dismissal of Plaintiff's action for: (1) lack of *in personam* jurisdiction over Defendant; (2) lack of subject matter jurisdiction over Plaintiff's Equal Employment Opportunity Act claim; (3) failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983; and (4) lack of subject matter jurisdiction under 28 U.S.C. § 1343. However, Defendant's Motion should be sustained and Plaintiff's action dismissed insofar as Plaintiff seeks: (1) recovery for alleged sex discrimination by Defendant in connection with promotion related matters which was not alleged in Plaintiff's charge filed with the EEOC; (2) punitive or liquidated damages under the Equal Employment Opportunity Act; and (3) relief under 42 U.S.C. § 1981 for alleged sex discrimination by Defendant.

It is so ordered this 11th day of September, 1978.